# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL LEE GORDON,** | : |
| **Plaintiff** | : |
| | : CIVIL ACTION NO. 3:19-626 |
| v. | : |
| | : (Judge Mannion) |
| **BUEBENDORF, SIS, *et al.*,** | : |
| **Defendants** | : |

## MEMORANDUM

Presently before the court is a motion to remove Plaintiff's *in forma pauperis* status, filed by the United States of America. (Doc. 48). For the reasons set forth below, Defendant's motion will be granted.

## I. Background

On April 11, 2019, Plaintiff, Michael Lee Gordon, an inmate confined in the United States Penitentiary, Lewisburg (USP-Lewisburg), Pennsylvania, filed the above captioned Bivens[1] action pursuant 28 U.S.C. §1331. (Doc. 1). Without providing specific facts of the imminent danger on the date of filing his complaint, Plaintiff states the following:

Note: My life, safety and personal well-being is in imminent threat

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

> of danger of a serious physical harm, injury and/or death here at USP-Lewisburg at the filing of this complaint!

Id. Plaintiff then proceeds to allege that he "does sue each defendant in their individual and official capacities for violations of his constitutional rights to be free from cruel and unusual punishments, to due process and for various acts of retaliation and discrimination, for forfeiture of ninety-one (91) books of United States postage stamps, and other rights retained by Plaintiff; thereby placing Plaintiff's life, safety and personal well-being in an imminent threat and imminent danger of a serious physical harm, injury and/or death for the soul (sic) purpose to retaliate, discriminate, to deny Plaintiff Due Process and/or to subject Plaintiff to cruel and unusual punishment; because Plaintiff is transgender and Plaintiff did utilize his constitutional Due Process rights to file grievances and to petition for redress of those grievances and to petition this Honorable Court for redress." Id.

On April 29, 2019, Plaintiff filed an amended complaint. (Doc. 8). Plaintiff alleges that on April 9, 2019, he was sexually assaulted by inmate Gerald Spillman. Id. After the issuance of several administrative orders by this Court, (Docs. 22, 23), on June 14, 2019, Plaintiff filed a motion for leave to proceed *in forma pauperis*, along with a copy of his prisoner trust fund statement. (Docs. 29, 30). By Order dated July 31, 2019, Plaintiff was

permitted to proceed *in forma pauperis*, and the amended complaint was served on the Defendants named therein. (Doc. 38).

On September 24, 2019, the United States filed a motion to remove Plaintiff's *in forma pauperis* status pursuant to the "three strikes" provision of the Prison Litigation Reform Act, (PLRA), 28 U.S.C. §1915(g), because he has at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim; and because Gordon was not in "imminent danger" of physical harm at the time he filed the complaint or sought to proceed *in forma pauperis*. (Doc. 48). Specifically, Defendant submits that Gordon is a prolific prison litigator who is listed as a party in 160 matters on PACER, including 62 appeals and 83 civil actions in district court. (See Doc. 49-1 at 25, PACER Case Locator Result List). Additionally, the United States notes that in Gordon v. Hawk-Sawyer, the Eastern District of Texas dismissed Gordon's lawsuit, finding his lawsuit asserting access to courts claims was frivolous and failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(d). See Gordon v. Hawk-Sawyer, No. 1:03cv177, slip op. (E.D. Tx. Mar. 15, 2004); Rep. and Recommendation adopted by slip op. (E.D. Tx. Sept. 15, 2004); aff'd sub nom Gordon v. Day, 172 Fed. App'x 565 (5th Cir. 2006). (See Doc. 49-1 at 46-69).

In Gordon v. Lappin, this Court granted the defendants' motion to dismiss or, in the alternative, for summary judgment, finding Gordon failed to state an access to courts claim and failed to carry his burden in establishing a First Amendment retaliation claim. See Gordon v. Lappin, No. 3:05-cv-00457, slip op. (M.D. Pa. July 28, 2006); Rep. and Recommendation adopted by slip op. (M.D. Pa. Sept. 7, 2006). (See Doc. 49-1 at 71 - 80). The Third Circuit dismissed Gordon's appeal pursuant to 28 U.S.C. §1915(e)(2)(B) on August 15, 2007, finding that the Gordon's appeal failed to state a claim for which relief can be granted. See Gordon v. Lappin, No. 06-4154, slip op. (3d Cir. Aug. 15, 2017).

Lastly, in Gordon v. Durkin, the Southern District of Ohio dismissed Gordon's legal malpractice suit against his criminal defense attorney for failing to state a claim based on the favorable termination rule. See Gordon v. Durkin, No. 2:09-cv-00919, slip op. (S.D. Oh. Dec. 4, 2009).

**II. Discussion**

Pursuant to 28 U.S.C. §1915(g), a prisoner, who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon

4

which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar, 239 F.3d at 310-11. Gordon has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. He does not dispute any of his strikes. Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v, Cross, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. Id. at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." Id.; see also Abdul-Akbar, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" Abdul-Akbar, 239 F.3d at 313.

5

In Ball v. Hummel, the Court found that the four months that elapsed between the plaintiffs alleged harm and the filing of the civil rights complaint did not amount to imminent harm which would justify avoidance of the sanctions prescribed by 28 U.S.C. §1915(g). Ball v. Hummel, 2012 WL 3618702 (M.D. Pa. 2012), *adopted by*, 2012 WL 3624045 (M.D. Pa. 2012), affirmed, 577 F. App'x 96 (3d Cir. 2014). The Court in Ball further stated that the inmate could not save her "otherwise inadequate pleadings by alleging in vague and conclusory terms that she feels constantly under threat of some sort of harm. Quite the contrary, it is well-settled that: 'this type of general assertion: is insufficient to invoke the exception to §1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Ball, 2012 WL 3618702, at *11 (citations omitted).

On March 25, 2019, Inmate Spillman wrote to Plaintiff's case manager, S. Hicks, requesting that he "and inmate Gordon would like to be cellies" and that Gordon would "move from the 3rd range down to the basement." (Doc. 49-2 at 6).

On March 26, 2019, Gordon also wrote to S. Hicks, asking if he could "move to the basement with inmate Gerald Spillman" and that he knows "Spillman well and [he] need[s] a change of scenery". (Doc. 49-2 at 6).

On April 2, 2019, with no other precluding factors evident, inmates Gordon and Spillman were assigned as cellmates. (Doc. 49-2 at 3, 8). About one week later, Gordon indicated to Case Manager, S. Hicks, that he felt his life as in danger if he were to continue to cell with inmate Spillman. Id. As a result, on April 11, 2019, Hicks moved Gordon from the cell he shared with inmate Spillman. Id. Gordon has not had a cellmate since April 11, 2019. Id.

In response, Plaintiff states that "the actual date that Plaintiff deposited his initial complaint into the prison mailing system was April 3, 2019" and "with that beings said, April 3, 2019 was one day after Plaintiff was 'forced' into a cell with inmate Gerald Spillman and, six days after, Plaintiff was sexually attacked, assaulted and raped by Gerald Spillman." (Doc. 52 at 2).

Even if the Court considers April 3, 2019 as the file date for Plaintiff's original complaint, Plaintiff fails to show he was imminent danger on that date. Gordon claims he was sexually assaulted by his cellmate, Spillman, on April 9, 2019, six days after April 3, 2019. Thus, in the present matter, Gordon's claim of imminent danger fails. The alleged sexual assault occurred prior to the filing of the complaint. The imminent danger exception is to provide a "safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred." Abdul-Akbar, 239 F.3d at 315. Gordon has

7

failed to meet the imminent danger exception to 28 U.S.C. §1915(g)'s three strikes rule, and thus failed to make the requisite showing to avoid the revocation of his *in forma pauperis* status. Accordingly, Defendant's motion to revoke Plaintiffs leave to proceed *in forma pauperis* will be granted. See Brown v. City of Philadelphia, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to §1915(g)).

If Gordon wishes to pursue the claims in this action, he must pay the filing fee in full. Accordingly, Gordon will be required to pay the full filing fee of $400.00. Failure to pay the fee within the time stated will result in dismissal of the complaint.

A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 8, 2019**
19-626-01